696 F.2d 1132
 30 Fair Empl.Prac.Cas. 1515,
31 Empl. Prac. Dec. P 33,323
 Joseph TERRELL, Walter Dudley, Thomas Green, Johnny Long,
Albert Mason, Marcus Oakes, Sam Walker, on behalf
of themselves and the class they
represent, Plaintiffs-Appellants,
v.
UNITED STATES PIPE & FOUNDRY CO., et al., Defendants,
Local 2140, United Steelworkers Union Local 342,
International Molders, Allied Workers Union, et
al., Plaintiff-Appellants.
Joseph TERRELL, Jr., et al., Plaintiffs-Appellants,
v.
UNITED STATES PIPE & FOUNDRY CO., et al., Defendants,
Local 2140 United Steelworkers Union, Defendant-Appellee.
 
 Nos. 80-7107, 80-7256.
 United States Court of Appeals,
Fifth Circuit.*
Unit B
 Feb. 4, 1983.
 Demetruis C. Newton, Birmingham, Ala., Barry L. Goldstein, N.A.A.C.P. Legal Defense & Educ. Fund, Inc., Washington, D.C., Jack Greenberg, New York City, Joseph P. Hudson, Gulfport, Miss., Daniel B. Edelman, Washington, D.C., for plaintiffs-appellants.
 Lutz Alecander Prager, Paul E. Mirengoff, Warren Bo Duplinsky, E.E.O.C., Washington, D.C., for amicus curiae.
 Bredoff, Barr, Gottesman, Cohen & Peer, Michael H. Gottesman, Washington, D.C., for Patternmakers League of North America and United Steelworkers of America.
 Thomas F. Phalen, Jr., Cincinnati, Ohio, for Intern. Molders & Allied Workers Union and Local 342.
 John Blake, Gen. Counsel, Kansas City, Kan., for Intern. Broth. of Boilermakers, Machinist Local Lodge 359.
 J.R. Goldthwaite, Jr., Atlanta, Ga., for Intern. Ass'n of Machinist & Aerospace, etc. and Boilermakers Local 583.
 Jerome A. Cooper, George C. Longshore, Birmingham, Ala., for United Steel Workers of America, Local No. 2140.
 N. Daniel Rogers, Donald H. Brockway, Jr., Birmingham, Ala., for Local Union 136.
 Appeals from the United States District Court for the Northern District of Alabama.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before FAY and HATCHETT, Circuit Judges, and GROOMS**, District Judge.
 PER CURIAM:
 
 
 1
 Except for an exchange of certain employment positions between the bargaining units of the Brotherhood of Boilermakers, Blacksmiths, Forgers, and Helpers, Local 583 (Boilermakers), the International Association of Machinists & Aerospace Workers, Lodge 359 (Machinists), and the United Steelworkers of America, Local 2140 (Steelworkers) in 1950, the district court held the seniority system at United States Pipe and Foundry's Bessemer plan bona fide within the meaning of section 703(h) of Title VII and immune from attack by the plaintiff-employees as a system whose discriminatory effects were unintended. 42 U.S.C.A. Sec. 2000e-2(h). Although the district court found the seniority system to have a discriminatory impact upon black employees, the court considered this fact irrelevant to a determination of discriminatory intent. The district court therefore released all unions from liability under Title VII with the exception of the Boilermakers and Machinists, whose liability was limited to the 1950 "swap." The court released the Steelworkers from liability for their part in this exchange because the court found that they had acted out of a desire to offer representation to black employees who were the object of discrimination by the Boilermakers and Machinists Unions. Finally, the district court found that the plaintiff-employees had failed to name the International Unions in charges filed with the EEOC in 1969, and consequently, no liability could extend to those associations.
 
 
 2
 On appeal and cross-appeal, we held that: (1) the evidence of record clearly demonstrated a racially discriminatory purpose underlying the creation and maintenance of the Bessemer plant seniority system; (2) the Steelworkers Union had taken every reasonable step to eradicate the plant's discriminatory system and thus was excluded from liability under Title VII; and (3) the 1969 EEOC charges did not clearly implicate the International Unions and therefore did not trigger liability as to them under 42 U.S.C.A. Sec. 2000e-5(f)(1). Terrell v. United States Pipe & Foundry Co., 644 F.2d 1112 (5th Cir.1981).
 
 
 3
 The local affiliates of the unions found liable by this court petitioned the United States Supreme Court for a writ of certiorari, arguing that this court applied an improper standard of review in holding the seniority system not bona fide. The Supreme Court granted certiorari, vacated our judgment, and remanded the case to us "for further proceedings in light of Pullman-Standard v. Swint, 456 U.S. ----, 72 L.Ed.2d 66, 102 S.Ct. 1781 (1982)." --- U.S. ----, ----, 102 S.Ct. 2028, 2028, 72 L.Ed.2d 479 (1982). Accordingly, we vacate our judgment regarding the seniority system issue and remand the case to the district court for further proceedings to consider the following evidence as indication of intentional discrimination in the creation and maintenance of the plant's seniority system: (1) the disparate impact of the Bessemer seniority system on black employees;[1] (2) the avowedly racist policies of the craft unions; (3) the 1950 racial exchange of positions as an integral piece of evidence manifesting underlying racial purposes; and (4) the cumulative effect of separate pieces of evidence of racial motives.
 
 
 4
 REMANDED.
 
 GROOMS, District Judge, dissenting:
 
 5
 I have carefully reviewed the decision and findings of the trial court, our decision reversing that court, and the Supreme Court's decision in Pullman-Standard v. Swint, 456 U.S. ----, 102 S.Ct. 1781, 72 L.Ed.2d 66, and the briefs of the parties filed since the reversal by the Supreme Court. Our decision was reversed and remanded in the light of Swint. The holding in Swint, as I analyze it--as applied to our decision, is that we erroneously exercised the function of the trial court in making independent findings on the issue of the purpose and intent to discriminate, contrary to Rule 52, which provides that the findings of fact by the trial court "shall not be set aside unless clearly erroneous."
 
 
 6
 As held in Swint, we are confronted with the trial court's findings of fact and should not substitute our own. The following language of the Court appears to me as determinative of the issue.
 
 
 7
 "[H]ere the District Court was not faulted for misunderstanding or applying an erroneous definition of intentional discrimination. It was reversed for arriving at what the Court of Appeals thought was an erroneous finding as to whether the differential impact of the seniority system reflected an intent to discriminate on account of race. That question, as we see it, is a pure question of fact, subject to Rule 52's clearly erroneous standard. It is not a question of law and not a mixed question of law and fact."... [W]e have little doubt about the factual nature of Sec. 703(h)'s requirement that a seniority system be free of an intent to discriminate. [Emphasis supplied]
 
 
 8
 "... As Sec. 703(h) was construed in Teamsters, there must be a finding of actual intent to discriminate on racial grounds on the part of those who negotiated or maintained the system. That finding appears to us to be a pure question of fact.
 
 
 9
 "... [U]nder Sec. 703(h) discriminatory intent is a finding of fact to be made by the trial court; it is not a question of law and not a mixed question of law and fact of the kind that in some cases may allow an appellate court to review the facts to see if they satisfy some legal concept of discriminatory intent.... [A] court of appeals may only reverse a district court's finding on discriminatory intent if it concludes that the finding is clearly erroneous under Rule 52(a). Insofar as the Fifth Circuit assumed otherwise, it erred.
 
 
 10
 "... [W]hether an ultimate fact or not, discriminatory intent under Sec. 703(h) is a factual matter subject to the clearly erroneous standard of Rule 52.
 
 
 11
 After lengthy and detailed findings the court below found and concluded that the seniority system at U.S. Pipe "was negotiated and has been maintained free of any purpose of racial discrimination," and that, with the exception relating to the transfer of certain jobs in 1950 between seniority units, the system has been "bona fide;" that the difference in terms, conditions, or privileges of employment resulting thereunder have not been "the result of an intention to discriminate because of race or color ..."
 
 
 12
 I am of the opinion that the trial court's conclusions find ample support in the record and that under the teaching of Swint this eleven year old case should not be remanded for a retrial of fact and for additional findings already tried and found by the trial court; that our judgment should be vacated and the decision of the District Court affirmed.
 
 
 13
 I therefore respectfully dissent from the decision to remand.
 
 
 
 *
 Former Fifth Circuit case, Section 9(1) of Public Law 96-452--October 14, 1980
 
 
 **
 Honorable Harlan H. Grooms, U.S. District Judge for the Northern District of Alabama, sitting by designation
 
 
 [1]
 By concluding that this evidence was irrelevant to a determination of racially discriminatory intent, the district court was incorrect as a matter of law. We are correcting this legal error and in accord with Swint remanding to the district court for a finding of fact based upon a proper consideration of all relevant evidence